IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EZRA PLEASANT,<br>    Petitioner, | §<br>§<br>§ | |
| V. | § | A-12-CA-1071-SS |
| | § | |
| HAYS COUNTY COMMUNITY<br>SUPERVISION AND CORRECTIONS<br>DEPARTMENT,<br>    Respondent. | §<br>§<br>§<br>§ | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE SAM SPARKS
     UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Petitioner's Memorandum in Support (Document 3); Respondent's Answer (Document 27); and Petitioner's Objection to Respondent's General Denial (Document 28). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

I.  STATEMENT OF THE CASE

On August 13, 2003, in the 22nd Judicial District Court of Hays County Texas, in cause number CR-02-333, styled The State of Texas v. Ezra Pleasant, Petitioner pleaded guilty to and was

convicted of one count of aggravated sexual assault of a child and two counts of indecency with a child by contact. Punishment was assessed at ten years' imprisonment for each count, but, on the jury's recommendation, the district court suspended imposition of the sentence and placed Petitioner on community supervision. Petitioner's convictions were affirmed by the Third Court of Appeal of Texas on February 3, 2005. Pleasant v. State, No. 03-03-00514-CR, 2005 WL 240648, at *1 (Tex. App.– Austin 2005, no pet.). Petitioner's probation has not been revoked, and he is not confined for these convictions.

Rather, Petitioner is in the custody of the Texas Department of Criminal Justice - Correctional Institutions Division for his crimes committed in Travis County, Texas. On September 2, 2004, Petitioner was convicted of aggravated sexual assault of a child and two counts of indecency with a child in cause number 3020220 in the 167th Judicial District Court of Travis County, Texas. He was sentenced to 20 years in prison. Petitioner does not challenge his Travis County convictions in this case. Petitioner already challenged these convictions in a federal application for habeas corpus relief, which was dismissed with prejudice as time-barred on August 2, 2012. Pleasant v. Thaler, No. 11-CV-868-SS (W.D. Tex.). The Fifth Circuit denied a certificate of appealability on February 5, 2013. Pleasant v. Thaler, No. 12-50923 (5th Cir.).

In the instant cause, Petitioner challenges his convictions out of Hays County, Texas. He contends his convictions were obtained by an involuntary guilty plea, insufficient evidence, ineffective assistance of counsel, and he was denied his right to appeal. Petitioner challenged his convictions in two state applications for habeas corpus relief filed pursuant to Article 11.07 of the Texas Criminal Procedure Code. The first was file-marked October 17, 2006. Ex parte Pleasant, Appl. No. 66,334-01 at 8. The second was file-marked October 30, 2007. Ex parte Pleasant, Appl.

No. 66,334-02 at 4.  The Court of Criminal Appeals dismissed the applications on August 22, 2007, and November 28, 2007, because Petitioner's community supervision had not been revoked.[1]

In March 2008, Petitioner filed an application for writ of habeas corpus pursuant to article 11.072.  Article 11.072 establishes the procedures for an application for a writ of habeas corpus in a case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision.  In a nunc pro tunc order signed on January 30, 2009, the district court denied Petitioner habeas relief and adopted findings of fact and conclusions of law in support.  On August 11, 2011, more than two years after the district court's order, Petitioner filed a notice of appeal from the order.  Due to the untimely appeal, the appellate court dismissed the appeal for want of jurisdiction on March 21, 2012.  Ex parte Pleasant, No. 03-11-00629-CR, 2012 WL 987822, at *1 (Tex. App. – Austin 2012, pet. ref'd).  The Court of Criminal Appeals refused Petitioner's petition for discretionary review on October 10, 2012.  Pleasant v. State, No. 0568-12 (Tex. Crim. App. 2012).

Respondent suggests the Court is without jurisdiction to consider Petitioner's application, because he was placed on probation and his probation has not been revoked.  Respondent also asserts Petitioner's application is time-barred.

## II.  DISCUSSION AND ANALYSIS

**A.    Jurisdiction**

Contrary to Respondent's suggestion, federal courts have jurisdiction to hear petitions brought by those challenging custody pursuant to an order deferring adjudication before guilt has

---

[1]Article 11.07 applies to cases in which the applicant seeks relief from a felony judgment imposing a penalty other than death, including cases in which community supervision has been revoked.

been adjudicated. See, e.g., Sawyer v. Sandstrom, 615 F.2d 311, 313 n. 1 (5th Cir. 1980)(stating that a petitioner whose sentence had been stayed was eligible for federal habeas relief); Barry v. Bergen County Probation Dept., 128 F.3d 152, 159–61 (3d Cir. 1997) (holding that petitioner sentenced to 500 hours of community service was eligible to petition for habeas relief); Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (stating petitioner on probation is eligible for habeas relief under section 2254(a)). Accordingly, the Court has jurisdiction to consider Petitioner's application.

**B.  Statute of Limitations**

Petitioner's application for habeas corpus relief is time-barred. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's Hays County convictions became final, at the latest, on March 7, 2005, at the conclusion of time during which he could have filed a petition for discretionary review with the Texas Court of Criminal Appeals, which according to Tex. R. App. R. 68.2, is 30 days following the court of appeals' judgment affirming his conviction. Gonzalez v. Thaler, 623 F.3d 222 (5th Cir. 2010) (holding a conviction becomes final when the time for seeking further direct review in the state court expires). Therefore, Petitioner had until March 7, 2006, to timely file a federal application for habeas corpus relief. Petitioner did not execute his federal application for habeas corpus relief until November 15, 2012, more than six years after the limitations period expired. None of Petitioner's state applications for habeas corpus relief operated to toll the limitations period, because they were all filed after the limitations period had already expired. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

Petitioner contends the limitations period should be tolled until June 2006, because his appellate attorneys allegedly had not told him an Anders brief had been filed. Even if the Court were to start the limitations period in June 2006, Petitioner's habeas application is still time-barred. Approximately nine months of the one-year limitations period had already expired when Petitioner's third application for habeas corpus relief was denied in January 2009. Petitioner's untimely appeal of the denial of his third state habeas application does not extend the time his habeas application was pending and did not further toll the limitations period. Therefore, Petitioner filed his federal application more than three years after his third state habeas application was denied, long after the limitations period had expired.

Petitioner also may be contending the untimeliness of his application should be excused, because he is actually innocent. In McQuiggin v. Perkins, 133 S. Ct. 1924 (2013), the Supreme

5

Court recently held a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in Schlup v. Delo, 513 U.S. 298, 329 (1995). A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. See Schlup, 513 U.S. at 326–27 (1995); see also House v. Bell, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under Schlup). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. Bousely v. United States, 523 U.S. 614, 623–624 (1998). In this case, Petitioner has made no valid attempt to show he was actually innocent of the crimes to which he previously pleaded guilty.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III. RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred.

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. <u>Battles v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Thomas v. Arn</u>, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); <u>Douglass v. United Servs. Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 9th day of September, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE